ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
APR - 2 2014
CLERK, U.S. DISTRICT COURT
By _____
      Deputy

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § | No. 4:14-CR-028-Y |
| | § § | |
| PAUL QUINTEL ALEXANDER (01) | § | |

## FACTUAL RESUME

**INDICTMENT:** Count One: Attempted Possession of a Controlled Substance with intent to Distribute (cocaine)
(in violation of 21 U.S.C. §§ 846; 841(a)(1) and (b)(1)(C))

**PENALTY:** $1,000,000 fine - not more than 20 years imprisonment, or both such fine and imprisonment, plus a term of supervised release of not less than 3 years.

**MAXIMUM PENALTY:**
$1,000,000 fine and not more than twenty (20) years imprisonment, plus a term of supervised release of not less than 3 years. If the defendant violates any condition of supervised release, the Court may revoke such term of supervised release and require the defendant to serve an additional period of confinement. Further the Court must impose a Mandatory Special Assessment of $100.00.

**ELEMENTS OF THE OFFENSE:**
The essential elements which must be proved beyond a reasonable doubt in order to establish the offenses charged in Count One of the Indictment are as follows:

First: That the defendant intended to possess a controlled substance and intended to distribute it to another person;

Second: That the defendant believed that the substance was some kind of controlled substance; and

**Factual Resume - Page 1**

<u>Third:</u>   That the defendant knowingly took a substantial step toward possessing a substance he believed to be a controlled substance, intending to possess it with the intent to distribute.

STIPULATED FACTS:

During the months of December 2013 and January 2014, a DEA Confidential Source (CS) had been in negotiations with **Paul Quintel Alexander** for **Paul Quintel Alexander** to purchase multiple kilograms of cocaine from the CS. On January 13, 2013, the CS made multiple recorded phone calls to **Paul Quintel Alexander** and met with **Paul Quintel Alexander** to negotiate the purchase and delivery of ten kilograms of cocaine from the CS. During the negotiations, **Paul Quintel Alexander** agreed to meet the CS on January 17, 2014, and bring the CS approximately $250,000 for ten kilograms of cocaine.

On January 17, 2014, after a series of phone calls and text messages, **Paul Quintel Alexander** agreed to meet the CS at the La Quinta Hotel, located at 4001 Scots Legacy Dr., Arlington, Texas, to complete the transaction. At approximately 4:30 p.m., **Paul Quintel Alexander** arrived at the La Quinta Hotel and met with the CS and an undercover DEA Task Force Officer where he, **Paul Quintel Alexander**, was shown ten kilograms of cocaine. While looking at the ten (10) kilograms of cocaine, **Paul Quintel Alexander** cut one of the kilogram packages open to inspect the quality of the cocaine. After a short conversation, **Paul Quintel Alexander** told the undercover officer and the CS that he needed to leave the room to get the $250,000.

When **Paul Quintel Alexander** got to his vehicle and attempted to leave the parking lot, he was taken into custody. In a post-Miranda statement, **Paul Quintel Alexander** admitted that he was at the La Quinta Hotel to purchase ten kilograms of cocaine. **Paul Quintel Alexander** also said that he had five kilograms of the cocaine already sold and felt confident that he could get the other five kilograms sold as well.

SIGNED this 7th day of March, 2014.

_____   _____
PAUL QUINTEL ALEXANDER       WILLIAM BIGGS
Defendant                    Counsel for Defendant

Factual Resume - Page 2